IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYRONE K. WHITE,<br>　　Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. 18-CV-3378 |
| MS. NADEGE BARBE, *et al.*,<br>　　Defendants. | : | |

**MEMORANDUM**

JONES, J.　　　　　　　　　　　　　　　　　　　　　　　　　　AUGUST 24, 2018

*Pro se* Plaintiff Tyrone K. White brings this civil action against Ms. Nadege Barbe, the Philadelphia Housing Authority, the Bethesda Project Incorporated, Mr. Mathew Soldano, Ms. Hilary Coulter, Ms. Katrina Fingerson, Ms. Shana Ventresca, Ms. Tina Pagotto, Ms. Michelle Marlin, and Ms. Sade Blair Lomax. (ECF No. 2.) He has also filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 1.) For the following reasons, the Court will grant White leave to proceed *in forma pauperis* and dismiss his Complaint with leave to amend.

**I.　　FACTS**

In his Complaint, White states that on July 14, 2017, Ms. Barbe, a resident at Thomas Jefferson University Hospital, "'exaggerated! I no such history of harming anybody.'" (Compl. at 4.)[1] He goes on to state that the Philadelphia Housing Authority "management allowed their contractor Bethesda Project Inc. case manager Ms. Counter to illegally, and deliberately incorrectly sign[] a name similar to [his]." (*Id.*) White alleges that Ms. Barbe called the Bethesda Project and "frighten[ed] Residential Aid Ms. Sade Blair Lomax, and PC Mr. Soldano." (*Id.*) He contends that Bethesda Project personnel continued to harass and defame him. (*Id.*) White states that these personnel have no need to call him or see him "for

---

[1] The Court uses the pagination assigned to the Complaint by the CM/ECF docketing system.

medication." (*Id.*) He further alleges that Mr. Soldano continued to harass him "by concealing and stopping signing room inspection paper." (*Id.*) He vaguely mentions that he was provided "with refrigerator space for accommodation as other residents." (*Id.*) According to White, Ventresca, Fingerson, Pagotto, and Marlin knew about these events, and "PHA inspect[ed]/[wrote] about disparity/problem." (*Id.*) White states that he has "suffered damages" from the Defendants' discrimination and requests that they "compensate, reimburse, and provide any and all appropriate relief including but not limited to all pay and benefits [he] would have received had it not been for [their] illegal actions." (*Id.* at 5.)

## II. STANDARD OF REVIEW

The Court will grant White leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* As White is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Moreover, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if

2

any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). This Court has noted that Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

## III. DISCUSSION

In the section of the form complaint that asks White to describe the basis for his claims, he wrote: "Fourteenth Amendment to the U.S. Constitution, have individually and jointly deprived [him] of his federal protected rights." (Compl. at 3.) Thus, the Court construes White's Complaint to be brought pursuant to 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). At this time, White has failed to set forth a plausible claim for relief under § 1983.

First, White's Complaint, as pled, is vague and fails to "provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian*, 2017 WL 3494219, at *3. It is not sufficient for White to allege a constitutional violation. Rather, he must tell the Court what happened, who did what, and why he believes he was discriminated against.

White does vaguely states that he has been defamed by personnel at the Bethesda Project. An individual does not have a protected interest in reputation alone. *See Thomas v. Indep. Twp.*, 463 F.3d 285, 297 (3d Cir. 2006) (citing *Paul v. Davis*, 424 U.S. 693, 701 (1976)). Instead, "defamation is actionable under 42 U.S.C. § 1983 only if it occurs in the course of or is accompanied by a change or extinguishment of a right or status guaranteed by state law or the

3

Constitution." *Clark v. Twp. of Falls*, 890 F.2d 611, 619 (3d Cir. 1989) (citing *Paul*, 424 U.S. at 701-12). Therefore, a plaintiff must plead a "stigma-plus" claim in his complaint. *See Hill v. Borough of Kutztown*, 455 F.3d 225, 236 (3d Cir. 2006) (noting that "to make out a due process claim for deprivation of a liberty interest in reputation, a plaintiff must show a stigma to his reputation plus deprivation of some additional right or interest"). Nothing in the Complaint, however, alleges that White was deprived of "some additional right or interest" because of allegedly false statements made by these individuals. Thus, as pled, the Complaint fails to state an actionable defamation claim under § 1983.[2] Although the Complaint does not state a claim as pled, the Court will give White an opportunity to clarify the basis for his claims.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant White leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as well as Rule 8 of the Federal Rules of Civil Procedure. This dismissal will be without prejudice to White filing an amended complaint in the event that he can cure the defects noted above. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate Order follows.

BY THE COURT:

C. DARNELL JONES, II, J.

---

[2] Moreover, at this time, the Court cannot discern whether some of the Defendants, including the Bethesda Project employees and Ms. Barbe, could be considered state actors subject to liability under § 1983. *See Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011).

4