# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYRONE K. WHITE, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 18-CV-3378 |
| | : | |
| MS. NADEGE BARBE, *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

**JONES, J.**                                                                                                    **SEPTEMBER  //, 2018**

On August 3, 2018, *pro se* Plaintiff Tyrone K. White filed a Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1) as well as a Complaint against Ms. Nadege Barbe, the Philadelphia Housing Authority, the Bethesda Project Incorporated, Mr. Mathew Soldano, Ms. Hilary Coulter, Ms. Katrina Fingerson, Ms. Shana Ventresca, Ms. Tina Pagotto, Ms. Michelle Marlin, and Ms. Sade Blair Lomax (ECF No. 2). By Memorandum and Order entered on August 24, 2018, the Court granted White leave to proceed *in forma pauperis* and dismissed his Complaint with leave to amend. (ECF Nos. 4, 5.) Specifically, the Court noted that the Complaint failed to comply with Rule 8 of the Federal Rules of Civil Procedure because White failed to tell the Court how the Defendants violated his rights under the Fourteenth Amendment. (ECF No. 4 at 3.) The Court also noted that the Complaint failed to state an actionable defamation claim under 42 U.S.C. § 1983. (*Id.* at 3-4.)

On August 30, 2018, White filed his Amended Complaint, naming the same individuals and entities as Defendants. (ECF No. 6.) For the reasons set forth below, the Court concludes that the Amended Complaint does not cure the defects of the initial Complaint. Accordingly, the Court will dismiss the Amended Complaint and provide White one final opportunity to amend.

## I. FACTS

In his Amended Complaint, White alleges that on July 14, 2017, "Ms. Nadege Barbe, MD exaggerated and maliciously [stated] that [he] had an extremely serious injury. But [he] was beginning mild stress!" (Am. Compl. at 3.) White states that he has "no previous [history] of harming anyone," and that he "will call police for assistance of problems." (*Id.*) His claim "is 'continue[d] harassment and being a black African American man.'" (*Id.*) White goes on to alleges that in November of 2017, PHA refused to provide him a copy of a previous lease. (*Id.*) He appears to assert that he did not sign this lease, but that Hilary Coulter signed his name on January 23, 2013. (*Id.*)

Soldano "wanted to talk to [White] immediately after Barbe, MD had called" on July 14, 2017. (*Id.*) According to White, Soldano and Ms. Blair Lomax were "seriously" upset by this call. (*Id.*) White alleges that he has "been denied refrigerator accommodation space by Bethesda Management." (*Id.*) He also asserts that the Philadelphia Commission on Human Relations has verified that Soldano concealed "dates and his name for unit #31 monthly check." (*Id.*) White states that Pagotto, Marlin, Ventresca, and Fingerson are aware of these events. (*Id.*)

As for his injuries, White alleges that he "had mild stress [symptoms] from not being able to watch T.V. at home, because program coordinator Mr. Soldano stopped signing in for T.V. every other day, especially after Ms. Barbe, MD had called home." (*Id.* at 4.) He also states that he cannot be near Lomax. (*Id.*) As relief, White requests damages he incurred "as a result of [Defendants'] discrimination, and continue[d] harassment." (*Id.*) He notes that "the amount in controversy does exceed $75,000." (*Id.*)

## II. STANDARD OF REVIEW

As noted above, the Court previously granted White leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Amended

2

Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* As White is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Moreover, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). This Court has noted that Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

## III. DISCUSSION

In the section of the form complaint that asks White to describe the basis for his claims, he has checked "diversity of citizenship," but then writes: "Fourteenth Amendment to the U.S. Constitution, have individually and jointly deprived [him] of his federally protected rights." (Am. Compl. at 2.) Thus, it appears that White is raising constitutional claims pursuant to 42 U.S.C. § 1983. However, White has again failed to set forth a plausible claim for relief under § 1983, as the Amended Complaint, as pled, is vague and fails to "provide enough information to

3

put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian*, 2017 WL 3494219, at *3. It is not enough for White to allege a constitutional violation and state that the Defendants have discriminated against him. Rather, he must tell the Court how the Defendants discriminated against him and why he believes he was discriminated against.[1]

As noted above, White checked "diversity of citizenship" for the basis for this Court's jurisdiction and also noted that "the amount in controversy does exceed $75,000." (Am. Compl. at 2, 4.) To the extent White is asserting tort claims under state law against the Defendants, the only basis for the Court to exercise subject matter jurisdiction over such claims is pursuant to 28 U.S.C. § 1332(a), which grants a district court jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." While White appears to request over $75,000.00 in damages, his Amended Complaint fails to establish that the parties are citizens of different states for purposes of § 1332. An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). White's Amended Complaint indicates that he is a citizen of Pennsylvania. However, he has also provided Pennsylvania addresses for several of the Defendants. Moreover, the Amended Complaint is devoid of information regarding the Bethesda Project's business form, *i.e.*, whether it is a non-profit corporation or another type of business organization, which is necessary for determining its citizenship. *See, e.g.*, 28 U.S.C. § 1332(c)(1) (a corporation is a citizen of the state in which it was incorporated as well as the state where it has its principal place of business); *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800

---

[1] Moreover, at this time, the Court cannot discern whether many of the Defendants could be considered state actors subject to liability under § 1983. *See Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011).

4

F.3d 99, 107 (3d Cir. 2015) (a plaintiff may allege that an unincorporated association is not a citizen of plaintiff's state of citizenship as long as plaintiff has conducted a reasonable investigation into the matter); *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) ("[T]he citizenship of partnerships and other unincorporated associations is determined by the citizenship of its partners or members."). Thus, it appears that diversity jurisdiction does not exist.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss the Amended Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as well as Rule 8 of the Federal Rules of Civil Procedure, and for lack of subject matter jurisdiction. In light of White's *pro se* status, this dismissal will be without prejudice to White having one final opportunity to further amend, as set forth in the Order that follows.

BY THE COURT:

_____
C. DARNELL JONES, II, J.