# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYRONE K. WHITE,<br>    Plaintiff,<br><br>v.<br><br>MS. NADEGE BARBE, *et al.*,<br>    Defendants. | :<br>:<br>:<br>:   **CIVIL ACTION NO. 18-CV-3378**<br>:<br>:<br>: |

## MEMORANDUM

**JONES, J.**                                                              **SEPTEMBER 26, 2018**

On August 3, 2018, *pro se* Plaintiff Tyrone K. White filed a Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1) as well as a Complaint against Ms. Nadege Barbe, the Philadelphia Housing Authority ("PHA"), the Bethesda Project Incorporated, Mr. Mathew Soldano, Ms. Hilary Coulter, Ms. Katrina Fingerson, Ms. Shana Ventresca, Ms. Tina Pagotto, Ms. Michelle Marlin, and Ms. Sade Blair Lomax (ECF No. 2). By Memorandum and Order entered on August 24, 2018, the Court granted White leave to proceed *in forma pauperis* and dismissed his Complaint with leave to amend. (ECF Nos. 4, 5.) Specifically, the Court noted that the Complaint failed to comply with Rule 8 of the Federal Rules of Civil Procedure because White failed to tell the Court how the Defendants violated his rights under the Fourteenth Amendment. (ECF No. 4 at 3.) The Court also noted that the Complaint failed to state an actionable defamation claim under 42 U.S.C. § 1983. (*Id.* at 3-4.)

On August 30, 2018, White filed his Amended Complaint, naming the same individuals and entities as Defendants. (ECF No. 6.) By Memorandum and Order entered on September 12, 2018, the Court dismissed the Amended Complaint. (ECF Nos. 7, 8.) Specifically, the Court noted that the Amended Complaint again failed to comply with Rule 8 because White failed to describe how the Defendants violated his rights under the Fourteenth Amendment. (ECF No. 7

at 3-4.) The Court also noted that it appeared that diversity jurisdiction did not exist for any state law claims that White was asserting against the Defendants. (*Id.* at 4-5.) The Court provided White one final opportunity to amend. (*Id.* at 5.)

The Court received White's Second Amended Complaint on September 20, 2018. (ECF No. 9.) White names the same individuals and entities as Defendants. For the reasons set forth below, the Court concludes that the Second Amended Complaint does not cure the defects of the initial Complaint and the Amended Complaint. Accordingly, the Court will dismiss the Second Amended Complaint.

I. FACTS

In his Second Amended Complaint, White alleges that on July 14, 2018, "Ms. Nadege Barbe, MD exaggerated and maliciously [stated] that [he] had an extremely serious injury. But [he] was beginning mild stress!" (Second Am. Compl. at 3.) He mentions that on December 18, 2017, Mr. Saldano "finally had delivery of closet." (*Id.*) White contends that Saldano also "conceal[ed] . . . dates, and his name for unit #31 monthly room checks." (*Id.*) He also refers to something not being delivered in March of 2018. (*Id.*) White goes on to allege that the PHA refused his request to receive a copy of a lease from January 23, 2013. (*Id.*) According to White, he did not sign this lease, but Hilary Coulter signed his name on that date. (*Id.*) White states that his closet was not replaced "for nearly a year." (*Id.*) According to him, Pagotto, Marlin, Ventresca, and Fingerson were aware of these events. (*Id.*)

As for his injuries, White alleges that he "had mild stress [symptoms] from continue[d] harassment of not being able to enjoy evenings, weekdays 3 PM to 11 PM during residential aide Ms. Sade Blair Lomax['s] shift." (*Id.* at 4.) On many occasions, White "waited outside rain/snow, any weather, to avoid being around Ms. Blair Lomax." (*Id.*) He also states that he was not able to enjoy use of a closet "for clothes like other residents." (*Id.*) As relief, White

2

requests damages he incurred "[a]s a result of the [Defendants'] discrimination, and continue[d] harassment." (*Id.*) He notes that the "amount in controversy does exceed $75,000." (*Id.*) White claims that "[t]his matter can be justifiably settle[d] with a trial, because of the facts-in-evidence to be revealed!" (*Id.*) White has attached several exhibits to his Second Amended Complaint, including a letter from Philadelphia's Commission on Human Relations, a copy of his request from his lease from January 23, 2013, letters to Pagotto, and screenshots of Google searches for "www average adult dinner meal com" and "community college of Philadelphia tuition."

## II. STANDARD OF REVIEW

As noted above, the Court previously granted White leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Second Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* As White is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Moreover, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short a plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). This Court has noted that Rule 8 "requires that pleadings provide enough information to put a

3

defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

## III. DISCUSSION

White's Second Amended Complaint fails to cure the defects of his first two pleadings. In the section of the form complaint that asks White to describe the basis for his claims, he checks "diversity of citizenship," but then writes: "Fourteenth Amendment to the U.S. Constitution, have individually and jointly deprived Plaintiff of his federally protected rights. C[o]rruptiveness/erroneously perceived disability, right protections without retaliation." (Second Am. Compl. at 2.) Thus, it appears that White is raising constitutional claims pursuant to 42 U.S.C. § 1983. However, White has again failed to set forth a plausible claim for relief under § 1983, as the Second Amended Complaint, as pled, is vague and fails to "provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian*, 2017 WL 3494219, at *3. Once again, it is not enough for White to allege a constitutional violation and state that the Defendants have discriminated and retaliated against him. Rather, he must tell the Court how the Defendants discriminated against him and why he believes he was discriminated and retaliated against.[1]

White checked "diversity of citizenship" for the basis for this Court's jurisdiction and also noted that "the amount in controversy does exceed $75,000." (Am. Compl. at 2, 4.) To the extent White is asserting tort claims under state law against the Defendants, the only basis for the Court to exercise subject matter jurisdiction over such claims is pursuant to 28 U.S.C. § 1332(a),

---

[1] Moreover, the Court cannot discern whether many of the Defendants could be considered state actors subject to liability under § 1983. *See Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011).

4

which grants a district court jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." While White appears to request over $75,000.00 in damages, his Second Amended Complaint fails to establish that the parties are citizens of different states for purposes of § 1332. An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). White's Second Amended Complaint indicates that he is a citizen of Pennsylvania. However, he has also provided Pennsylvania addresses for several of the Defendants. Moreover, the Second Amended Complaint is devoid of information regarding the Bethesda Project's business form, *i.e.*, whether it is a corporation or another type of business organization, which is necessary for determining its citizenship. *See, e.g.*, 28 U.S.C. § 1332(c)(1) (a corporation is a citizen of the state in which it was incorporated as well as the state where it has its principal place of business); *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 107 (3d Cir. 2015) (a plaintiff may allege that an unincorporated association is not a citizen of plaintiff's state of citizenship as long as plaintiff has conducted a reasonable investigation into the matter); *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) ("[T]he citizenship of partnerships and other unincorporated associations is determined by the citizenship of its partners or members."). Thus, yet again, White has not met his burden of demonstrating that diversity jurisdiction does exist. *See Lincoln Ben. Life Co*, 800 F.3d at 105.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss the Second Amended Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as well as Rule 8 of the Federal Rules of Civil Procedure, and for lack of subject matter jurisdiction. Because White has been given two opportunities to amend and has not alleged anything that gives rise to a clear basis for

5

a claim, the Court concludes that further attempts to amend would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate Order follows.

BY THE COURT:

_____
C. DARNELL JONES, II, J.